IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

| | |
|---|---|
| LARRY HODGES, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 03-B-1396-NE |
| ) | |
| WARDEN RALPH HOOKS, and ) | |
| THE ATTORNEY GENERAL ) | |
| FOR THE STATE OF ALABAMA, ) | |
| ) | |
| Respondents. ) | |

**ENTERED**
MAR 23 2004

## MEMORANDUM OF OPINION

This is a petition for a writ of habeas corpus brought by a person in custody under a judgment of a court of the State of Alabama. 28 U.S.C. § 2254. The petitioner, Larry Hodges, was convicted on October 22, 1997, in the Circuit Court of Morgan County, of two counts of first degree robbery. He was sentenced on October 24, 1997, to life imprisonment without the possibility of parole, pursuant to Alabama's Habitual Felony Offenders Act. On August 14, 1998, the Alabama Court of Criminal Appeals affirmed Hodges' convictions and sentences. The Alabama Supreme Court denied Hodges' petition for a writ of certiorari and certificates of final judgment were issued on March 12, 1999.

On August 24, 1999, Owen filed his first Rule 32 petition in the Circuit Court of Morgan County. On October 19, 2000, the trial court issued an order denying the petition. The petitioner did not appeal the denial of his first Rule 32 petition. Hodges



filed a second Rule 32 petition on November 19, 2001. This second Rule 32 petition was denied on January 8, 2002, as being untimely filed. On May 24, 2002, the Alabama Court of Criminal Appeals affirmed the denial of the petition. On August 13, 2002, the Alabama Supreme Court struck Hodges' petition for a writ of certiorari and issued a certificate of judgment.

In response to the court's order to show cause, the respondents have filed an answer in which they assert that the petition is due to be dismissed because it is barred by the one-year statute of limitations enacted by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). The parties were advised that the respondents' answer would be treated as a motion for summary dismissal pursuant to Rule 8(a) of the Rules Governing Section 2254 Cases. In response, the petitioner has filed a traverse.

The AEDPA, effective April 24, 1996, amended 28 U.S.C. § 2244 to read in part, as follows:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of —
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

>        (C) the date on which the constitutional right asserted
> was initially recognized by the Supreme Court, if the right
> has been newly recognized by the Supreme Court and made
> retroactively applicable to cases on collateral review; or
>
>        (D) the date on which the facts supporting the claim
> or claims presented could have been discovered through the
> exercise of due diligence.
>
>        (2) The time during which a properly filed application for State
> post-conviction or other collateral review with respect to the pertinent
> judgment or claim is pending shall not be counted toward any period of
> limitation under this subsection.

Hodges' conviction became final on June 10, 1999, the date on which the ninety-day period for filing a petition for certiorari to the United States Supreme Court expired. *See Bond v. Moore*, 309 F.3d 770 (11th Cir. 2002). Thus, the one-year period he had to attack the convictions began to run on June 10, 1999. The running of the one-year period was tolled on August 24, 1999, when the petitioner's first Rule 32 petition was properly filed in state court.[1] By the time the petitioner filed his first Rule 32 petition 75 days of the one-year-period had elapsed. The one-year period began to run again on October 19, 2000, when his Rule 32 petition was denied. At this point, Hodges had 290 days left in which to file his petition in this court. Thus, the limitations period expired on August 4, 2001, before Hodges filed his second Rule 32 petition on November 19, 2001.

---

[1] Title 28 U.S.C. § 2244(d)(2) provides that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."

3

The fact that Hodges successfully filed his second Rule 32 petition after the expiration of the one-year period for filing in federal court did not start the running of the limitations period anew:

> Section 2244(d)(2) does not state that the AEDPA's one-year statute begins to run anew after decision on a state collateral attack; such an interpretation would allow an inmate to avoid the effect of the AEDPA's one-year state of limitations by bringing a belated state collateral attack. See, e.g., *Hamilton v. Miller*, No. 98 CV 5669, 1999 WL 438472 at *3 (E.D.N.Y. May 18, 1999); *DeVeaux v. Schriver*, slip op. at 8; *Varsos v. Portuondo*, slip op. at 4; *Smith v. McGinnis*, No. CV 98-1034, 1999 WL 312121 at *3-4 (E.D.N.Y. March 17, 1999); *Cromwell v. Keane*, 33 F. Supp. 2d 282, 285 (S.D.N.Y. 1999) (Rakoff, D.J. & Peck, M.J.).
>     Rather, § 2244(d)(2) merely excludes the time a collateral attack is under submission from the calculation of the one-year statute of limitations. *See, e.g., Flanagan v. Johnson*, 154 F.3d 196, 199 n. 1 (5th Cir.1998) ("Under the plain language of the statute, any time that passed between the time that [petitioner's] conviction became final and the time that his state application for habeas corpus was properly filed must be counted against the one year period of limitation."); *DeVeaux v. Schriver*, slip op. at 8; *Broom v. Garvin*, 99 Civ. 1083, 1999 WL 246753 at *1 (S.D.N.Y. April 26, 1999) ("[T]he filing of a collateral attack in the state court tolls the AEDPA statute of limitations during the period that it is pending, but it does not commence a new limitations period."); *Hamilton v. Miller*, 1999 WL 438472 at *3; *Smith v. McGinnis*, 1999 WL 312121 at *3-4; *Varsos v. Portuondo*, slip op. at 4-5; *Brooks v. Artuz*, 98 Civ. 4449, 1999 WL 138926 at *2 (S.D.N.Y. March 15, 1999) ("The tolling provision [in 28 U.S.C. 2244(d)(2) ] does not . . . 'revive' the limitations period (i.e., restart the clock at zero); it can only serve to pause a clock that has not yet fully run.") (*quoting Rashid v. Kuhlmann*, 991 F. Supp. 254, 259 (S.D.N.Y.1998)); *Cowart v. Goord*, 97 Civ. 3864, 1998 WL 65985 at *2 (S.D.N.Y. Feb. 18, 1998) (Sotomayor, D.J.) ("the filing of a proper state collateral petition does serve to toll (but not start anew) the AEDPA statute of limitations"); *Hughes v. Irvin*, 967 F. Supp. 775, 778 (E.D.N.Y. 1997) (petitioner's statute of limitations period was suspended only during the period state collateral motions were pending, and began to run again, but not anew, when the state collateral motions were decided).

*Torres v. Miller*, No. 99 Civ. 0580 MBM, 1999 WL 714349, at *3-4 (S.D.N.Y. August 27, 1999). *See also Webster v. Moore*, 199 F.3d 1256, 1259 (11th Cir. 2000)("A state-court petition like [the petitioner's] that is filed following the expiration of the limitations period cannot toll that period because there is no period remaining to be tolled."); *Villegas v. Johnson*, 184 F.3d 467, 472 (5th Cir. 1999)(tolling lasts "only as long as the state court takes to resolve the pending application because any lapse of time before a state application is properly filed will be counted against the one-year limitation period"); *Rashid v. Kuhlmann*, 991 F. Supp. 254, 259 (S.D.N.Y. 1998)("Once the limitations period is expired, collateral petitions can no longer serve to avoid the statute of limitations.").

The one-year statute of limitations expired on August 4, 2001. Hodges did not file his habeas petition in this court until June 11, 2003. Thus, the petition is due to be dismissed because it is barred by the statute of limitations.

In an attempt to avoid the statute of limitations, Hodges claims that the statute should be equitably tolled because "'he was unaware of the statute of limitation' and state that the law library of the prison in which he is incarcerated did not have legal materials describing the AEDPA until May 2001." Even assuming that Hodges' claim is true, the petition is still barred by the statute of limitations. According to Hodges, he was unaware of the existence of the statute of limitations because the prison law library did not have legal materials describing it until May of 2001. Thus, in May,

2001, Hodges had access to the information about the AEDPA and could have learned about the statute of limitations at that time. In this case, the statute of limitations began to run on June 1, 2001, after Hodges should have known of the existence of the limitations period.[2] The limitations period ran until Hodges filed his second Rule 32 petition on November 19, 2001. At this point, 172 days of the limitations period had elapsed and he had 193 days remaining in which to file a petition in this court. The limitations period began to run again on August 13, 2002, when his second Rule 32 petition became final. The one-year period expired 193 days later, on February 22, 2003. Hodges did not file this petition until June 11, 2003. Thus, it is barred by the statute of limitations.

Hodges' petition is barred by the statute of limitations regardless of whether it was equitably tolled until the prison law library obtained information on the AEDPA in May, 2001. Therefore, it is due to be dismissed. An appropriate order will be entered.

DONE this 23rd day of March, 2004.

_Sharon Lovelace Blackburn_
SHARON LOVELACE BLACKBURN
UNITED STATES DISTRICT JUDGE

---

[2] Because Hodges does not state the exact date in May that the prison library acquired the AEDPA materials, the court will assume it was the last day of May, so the limitations period began to run the first day of June.